NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0166n.06

No. 14-1857

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NAZAR R. HINDO; NADA HINDO, | ) | |
| | ) | **FILED** |
| Plaintiffs-Appellants, | ) | Mar 03, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| BANK OF NEW YORK MELLON, fka The Bank of | ) | UNITED STATES DISTRICT |
| New York Mellon, fka The Bank of New York, as | ) | COURT FOR THE EASTERN |
| Trustee for the Certificateholders of CWALT, Inc., | ) | DISTRICT OF MICHIGAN |
| Alternative Loan Trust 2007-OH2, Mortgage Pass- | ) | |
| through Certificates, Series 2007-OH2, | ) | |
| Defendant-Appellee. | | |

BEFORE:    SILER, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge.  The Hindos took out a mortgage on a piece of real property in Michigan, but later defaulted.  The property was sold to the Bank of New York Mellon at a sheriff's sale.  New York Mellon filed an eviction action in Michigan state court and shortly afterward, the parties entered into a consent judgment granting New York Mellon possession of the property.  Two months later, the Hindos sued New York Mellon in state court seeking to quiet title and alleging that the foreclosure violated various state laws.  New York Mellon removed to federal court and moved to dismiss, arguing that the state court consent judgment had claim preclusive effect on the new suit.  The district court agreed and dismissed the case. Because the district court opinion was thorough and well-reasoned, an additional opinion by this

No. 14-1857, *Hindo, et al. v. The Bank of New York Mellon*

court would be duplicative.[1]  For the reasons given in the district court's opinion, we affirm.  *See Hindo v. Bank of N.Y. Mellon*, No. 13-12912, 2014 U.S. Dist. LEXIS 77966 (E.D. Mich. June 9, 2014).

---

[1] At the district court, the Hindo's counsel "completely failed to present a cognizable argument to support his clients' claims."  The district court encouraged the Hindo's counsel "to spend more time preparing filings" to "avoid such failures—and sanctions—in the future."  The Hindo's counsel did not heed the district court's advice, submitting to this court word-for-word the res judicata arguments the district court criticized.